# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 19, 2017

Plaintiff-Appellee,

v

No. 334470
Calhoun Circuit Court
LC No. 2016-000254-FC

MARKESSE JAMES IRBY,

Defendant-Appellant.

Before: MURPHY, P.J., and KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Markesse James Irby, appeals as of right his convictions for armed robbery, MCL 750.529; assault with intent to commit murder, MCL 750.83; receiving and concealing a stolen firearm, MCL 750.535b; and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 47 to 80 years' imprisonment for the armed robbery conviction; 62 to 95 years' imprisonment for the assault with intent to murder conviction; and 6 to 20 years' imprisonment for the receiving and concealing a stolen firearm conviction; all to be served consecutive to the concurrent sentences of 2 years' imprisonment for the three felony-firearm convictions. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence introduced at trial was insufficient to support his convictions. Defendant argues only that the evidence was insufficient to prove his identity as the person who shot and robbed the victim.

We review de novo a claim challenging the sufficiency of the evidence in a criminal case. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (internal quotation marks and citation omitted). In our review, we "draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (internal quotation marks

-1-

and citation omitted). "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

The victim was shot through the left eye with a nine-millimeter handgun outside of a convenience store he operated. Although the victim was not killed by the gunshot wound, the victim could not provide a description to police because the wound rendered him brain-dead such that he "never woke up" from the attack. A witness who lived near the convenience store heard the gunshot and saw a person wearing a "bluish-looking hoodie" fleeing the crime scene. Several other witnesses saw a person wearing a dark jacket with a hood running through the neighborhood near the crime scene.

Police used a canine officer to trace the perpetrator's route. Along that route, police found a discarded jacket with a hood and a pair of gloves. Testing performed by the Michigan State Police (MSP) uncovered DNA matching defendant's DNA profile on both articles of clothing. Later on the perpetrator's flight path, police found a nine-millimeter handgun. This handgun was also tested by the MSP. Ballistic testing confirmed that the handgun was used to shoot the victim, and DNA testing of the handgun uncovered DNA matching defendant's DNA profile, among other profiles. A search of the handgun's serial number uncovered that the handgun had been stolen.

Regarding the handgun, defendant argues that because multiple DNA profiles were present on it, and because police did not perform a gunshot-residue test on defendant to determine if he had shot a firearm that day, the evidence was insufficient to prove he was the perpetrator. Yet, the prosecution is not required to negate every theory of innocence. *Nowack*, 462 Mich at 400. Moreover, other evidence pointed to defendant as the perpetrator. When defendant was taken into custody, police found a bag of nine-millimeter ammunition and $700 on defendant's person. The canine officer located the victim's wallet on the perpetrator's flight path. The $700 found on defendant was consistent with the amount of cash the victim usually carried on him, and the victim was found with a substantially smaller amount of cash when police responded to the shooting. The nine-millimeter ammunition was consistent with the handgun found by police.

Reviewing the above evidence in the light most favorable to the prosecutor, *Smith-Anthony*, 494 Mich at 676, and drawing all reasonable inferences and making credibility choices in support of the jury verdict, *Nowack*, 462 Mich at 400, we conclude that the circumstantial evidence presented at trial was sufficient for a rational jury to conclude that defendant was the person who shot and robbed the victim.

## II. SENTENCING

Defendant next argues that he was unreasonably sentenced to a term of 62 to 95 years' imprisonment for the assault with intent to commit murder offense and 47 to 80 years' imprisonment for the armed robbery offense.

Defendant argues that he was only 21 years old at the time of his sentencing, that the sentence imposed will keep him in prison until age 83, and that the sentence is therefore unreasonable. That a young defendant may spend the majority, or remainder, of his life behind

bars, does not necessarily render his sentence unreasonable, especially for particularly serious crimes. See *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013). Despite his young age, defendant was a fourth-offense habitual offender. Defendant robbed the victim at gunpoint and shot the victim in the face, rendering the victim brain-dead. It is not lost on this Court that, if not for the victim's family's decision to keep the victim medically alive, defendant would likely have faced a charge of felony-murder and a possible life sentence. Defendant's sentences are long, but they are proportionate to the seriousness of defendant's crime and his criminal history.

More importantly, defendant's sentences were each within the recommended guidelines range. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Because defendant does not argue that his sentence was the product of scoring error or inaccurate information, defendant is not entitled to reasonableness review. Therefore, we affirm defendant's sentence.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle