*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HARRY ANTHONY CHILDRESS III,

        Defendant-Appellant.

UNPUBLISHED
April 30, 2019

No. 342340
Kent Circuit Court
LC No. 17-003925-FH

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant, Harry Anthony Childress III, appeals by delayed leave granted[1] the sentence imposed by the trial court for his conviction by guilty plea of absconding on or forfeiting a bond. MCL 750.199a. The trial court sentenced defendant to 18 to 48 months in prison for that conviction, to be served consecutively to his additional prior sentences. On appeal, defendant argues that the trial court imposed a consecutive sentence without adequate justification, entitling him to a remand. We affirm.

On January 17, 2017, defendant pleaded guilty to one count of delivery/manufacture of less than 50 grams of cocaine, heroin, or another narcotic, MCL 333.7401(2)(a)(iv), and one count of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(v). The trial court scheduled the sentencing hearing to occur on March 9, 2017. Defendant was a no show. The trial court issued a bench warrant for defendant's arrest, and he was later found and arrested on April 17, 2017, resulting in a charge in the instant case of absconding on or forfeiting a bond in violation of MCL 750.199a. Defendant pleaded guilty to the charge, and the trial court sentenced him to 18 to 48 months in prison, to be served consecutively to his sentences for his drug-related convictions. The trial court credited him with 116 days served.

---

[1] *People v Childress*, unpublished order of the Court of Appeals, entered March 30, 2018 (Docket No. 342340).

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Bailey*, 310 Mich App 703, 723; 873 NW2d 855 (2015) (quotation marks and citation omitted). The purpose of the consecutive sentence statutes is "to enhance the punishment imposed upon those who have been found guilty of more serious crimes and who repeatedly engage in criminal acts." *People v Smith*, 423 Mich 427, 445; 378 NW2d 384 (1985).

"[T]he decision to impose a consecutive sentence when not mandated by statute is reviewable for an abuse of discretion." *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). To facilitate appellate review, the trial court must set forth on the record its reasons for choosing to impose a consecutive sentence. *Norfleet*, 317 Mich App at 664-665.

The parties agree that the trial court had the discretion to impose a consecutive sentence pursuant to MCL 768.7b(2)(a), which provides in pertinent part:

> (2) . . .if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty . . . the following shall apply:

> (a) Unless the subsequent offense is a major controlled substance offense, the sentences imposed for the prior charged offense and the subsequent offense may run consecutively.

Defendant's underlying convictions, delivery/manufacture of a controlled substance and cocaine possession, were felonies under Michigan law. See MCL 333.7401(2)(a)(*iv*); MCL 333.7403(2)(a)(*v*). Defendant's conviction of absconding on bond was also a felony. See MCL 750.199a. Defendant committed the absconding on bond felony before he was sentenced for his underlying drug-related felony convictions, making defendant eligible for a consecutive sentence pursuant to MCL 768.7b(2)(a). Therefore, imposing a consecutive sentence for the absconding on bond conviction was within the trial court's discretion.

The parties disagree on the issue of whether the trial court provided an adequate or sufficient justification for imposing a consecutive sentence. We agree with the prosecution.

At defendant's sentencing hearing for his absconding on bond conviction, the trial court referred in detail to defendant's criminal record and the circumstances of the absconding offense. The court noted that defendant was 22 years old and that he had repeatedly engaged in criminal acts, resulting in four prior "low-severity" felony convictions, five prior misdemeanor convictions, a juvenile record, four different jail sentences, and two periods of probation. The trial court then described the circumstances of the absconding on bond offense as follows:

> This is not your average absconding here. What you did, sir, when the police attempted to pull you over, you fled at a high rate of speed. You drove through a wooden sign and entered a trailer park where people were walking and

could have been seriously injured. You drove over a large stake. You drove through two—two yards. You struck a power box before stopping.

Then you fled on foot and you were laying [sic] on your stomach when—between two cars when the police found you. And you had drugs on you, and evidently, before you left the car, Ms. [Maya] Williams was your passenger. You inserted [the drugs] in her vagina.[2] This is not a good set of circumstances, sir.

The trial court then stated that it would sentence defendant in accordance with his plea agreement, which called for a sentence within the guidelines range of 10 to 23 months, but that the sentence would run consecutive to the sentences for his prior drug-related convictions.

As defendant notes, the trial court did not explicitly tie its justification for a consecutive sentence to its remarks at sentencing. However, considering that the only matter before the court at the August 10, 2017 sentencing hearing was sentencing defendant on the absconding on bond conviction, the plea agreement entailed the prosecutor recommending a minimum sentence within the 10 to 23-months guidelines range but taking no position on a potential consecutive sentence, and defense counsel specifically asking that the sentence run concurrently to defendant's previous sentence, it cannot seriously be argued that the court's comments bore no relationship to its decision to impose a consecutive sentence.[3] Viewing the sentencing transcript as a whole, we conclude that the trial court provided adequate, particularized reasons for imposing a consecutive sentence. The trial court emphasized defendant's substantial criminal record at a young age, his dangerous conduct during the absconding event that put others at risk of harm, the extraordinary lengths to which he went to elude the police, and the fact that he continued to engage in the illegal possession of drugs, despite his recent drug-related convictions. Accordingly, we conclude that the trial court adequately justified its decision to impose a consecutive sentence, and that such decision was not outside the range of reasonable and principled outcomes. *Norfleet*, 317 Mich App at 664; *Babcock*, 469 Mich at 269.

In light of the foregoing, we reject defendant's challenge to the trial court's imposition of a consecutive sentence and request for a remand. The trial court was authorized to impose a

_____

[2] As defendant points out in his brief to this Court, the presentence investigator records that Ms. Williams said defendant handed her the drugs and she inserted them into her body. We do not take the trial court's remarks as literally as does defendant; it was apparent what the trial court meant.

[3] By contrast, *Norfleet* entailed multiple consecutive sentences, and this court held that "a trial court may not impose multiple consecutive sentences as a single act of discretion . . . . The decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record." *Norfleet*, 317 Mich App at 665. We do not find merit in defendant's contention that the trial court only meant its remarks to apply to the selection of a minimum sentence.

consecutive sentence at its discretion, and it provided sufficient rationale on the record to support its decision.[4]

       Affirmed.


                        /s/ Jane M. Beckering
                        /s/ Deborah A. Servitto
                        /s/ Cynthia Diane Stephens

---

[4] In passing, defendant asks this Court to remand the matter to the trial court so it can "articulate its rationale for denying [defendant] boot camp." The record indicates that defendant filed a petition for boot camp on the day of sentencing. The trial court stated that it would make a decision on the request whenever it received a letter stating that defendant was eligible for boot camp. The court further stated, "They contact me when he becomes eligible." Defendant asserts in his brief to this Court that he is now eligible for boot camp and the trial court has denied his initial request for approval. However, there is no record evidence supporting either of these assertions, nor has defendant provided any information beyond its assertion that defendant is eligible for boot camp, that the court received notice of his eligibility, or that the court denied defendant's request to participate in boot camp. Accordingly, defendant has not shown the need for a remand. Defendant must do more than simply announce his position and then leave it to this Court to "discover and rationalize the basis for his claim." *People v Cameron*, 319 Mich App 215, 228 n 7; 900 NW2d 658 (2017), citing *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2012).