*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMIE ANDREW VANKLAVEREN,

        Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 361017
Kent Circuit Court
LC No. 07-003353-FC
        07-003354-FC
        07-003356-FC

Before: FEENEY, P.J., and RICK and HOOD, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted from an order of the circuit court denying his motion for relief from judgment under MCR 6.508(D). We affirm.

In 2008, defendant was convicted of seven counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (person under 13 years old) and MCL 750.520b(1)(b) (person 13 to 15 years old and member of same household); four counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a); four counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a); and one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a). In 2008, Kent Circuit Court Judge George Buth sentenced defendant to terms of 25 to 50 years' imprisonment for five of the CSC-I convictions. The trial court sentenced defendant consecutively for these counts such that defendant would serve a minimum of 75 years' imprisonment for CSC-I. The trial court sentenced defendant to 225 months to 50 years' imprisonment to be served concurrently for the two remaining CSC-I convictions. The trial court also sentenced defendant to 5 to 15 years' imprisonment for each of the CSC-II and CSC-III convictions to run concurrently. Finally, the trial court sentenced defendant to time served for the CSC-IV conviction.

Defendant took a direct appeal following his convictions, raising various issues. This Court rejected defendant's arguments and affirmed. *People v VanKlaveren*, unpublished per curiam opinion of the Court Appeals (Docket No. 286683, issued 2/2/2010). An application for leave to

appeal to the Michigan Supreme Court and a petition for habeas relief in the federal district were similarly unsuccessful.

More than ten years later, in 2020, defendant moved for relief from judgment, arguing that his consecutive sentences on the CSC-I convictions were invalid. The trial court denied this motion. Defendant moved for reconsideration and for an extension of time to assess adding a claim of ineffective assistance of trial and appellate counsel. The trial court granted his motion for reconsideration. In 2021, defendant filed an amended motion for relief from judgment, again raising the challenge to the consecutive sentences as well as the ineffective assistance of counsel argument. The trial court again rejected defendant's motion.

Defendant first argues that the trial court erred in denying his motion for relief from judgment because the trial court lacked the authority to impose consecutive sentences for the CSC-I convictions. We disagree.

MCR 6.508(D) restricts the trial court's ability to grant relief from judgment in a criminal case. That rule provides in relevant part as follows:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> * * *
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief.

In this case, defendant could have raised the issue whether he was properly subject to consecutive sentences both at the time of his sentencing as well as in his direct appeal following conviction and sentencing. He did not.

Defendant argues that he could not have raised the issue previously because he was not entitled to relief until this Court announced a change in law in *People v Bailey*, 310 Mich App 703; 873 NW2d 855 (2015). While both parties agree that *Bailey* represents a change in law, we do not agree. *Bailey* did not announce a change in law that provided good cause why defendant could not have raised his challenge in his original appeal.

The only change in law present in this case is the Legislature's amendment to MCL 750.520b adding subsection (3), which reads: "The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." See 2006 PA 169, effective August 28, 2006 (i.e., before defendant's conviction and sentencing). This Court's interpretation of the

phrase "same transaction" as used in the statute does not represent a change in law. See *People v Doyle*, 451 Mich 93, 113; 545 NW2d 627 (1996) ("where a precisely drafted statute, unambiguous on its face, is interpreted by this Court for the first time, there has not been a 'change' in the law.").

In fact, this Court's decision in *Bailey* interpreted "same transaction" to mean that the two offenses "must be part of a 'continuous time sequence,' not merely part of a continuous course of conduct." 310 Mich App at 725, citing *People v Brown*, 495 Mich 962, 963; 843 NW2d 743 (2014), and *People v Ryan*, 295 Mich App 388, 402-403; 819 NW2d 55 (2012). *Ryan* states that the term "same transaction" "has developed a unique legal meaning." *Id*. at 402. And *Ryan* in turn looked to *People v Nutt*, 469 Mich 565; 677 NW2d 1 (2004),[1] from which the phrase "continuous time sequence" originates. *Id*. at 570.

Although the parties argue that *Bailey* provided a new definition of "same transaction," neither point to any cases establishing an "old definition" of "same transaction."[2] And, even if there were an old definition of "same transaction," it would have to predate the Supreme Court's decision in *Nutt*, i.e., prior to 2004.

In sum, it cannot be said that this Court's interpretation of the term "same transaction" in *Ryan* and *Bailey* represented a change in the law. Those opinions merely provide an interpretation of the meaning of that term as used by the Legislature in the 2006 amendment. Defendant also argues on appeal that he was denied effective assistance of counsel related to pretrial plea negotiations. While defendant raised this issue in his application for leave to appeal, this Court's order granting leave was "limited to Issue II raised in the application." *People v VanKlaveren*, unpublished order of the Court of Appeals, entered September 14, 2022 (Docket No. 361017). Issue II in defendant's application is the consecutive sentencing issue discussed above. The ineffective assistance of counsel argument is Issue I. Accordingly, defendant's argument that he was denied effective assistance of counsel is not properly before us.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Michelle M. Rick
/s/ Noah P. Hood

---

[1] It should be acknowledged that *Nutt* did not involve consecutive sentencing, but rather a discussion of the "same transaction" language in the context of the double jeopardy rule.

[2] For example, the prosecutor's brief on appeal refers to "general reliance on the old rule," and that "prosecutor's offices, defense attorneys, and courts across the state were acting under the impression that the 'same transaction' required by MCL 750.520b(3) included ongoing or continuous abuse." That may well be true, but no authority is provided so as to justify that "impression" that gave rise to that "general reliance."