*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROMMEL MORSHED,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2026
9:29 AM

No. 371310
Oakland Circuit Court
LC No. 2023-283366-FC

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of first-degree criminal sexual conduct (CSC-1), MCL 750.520b(1)(b) (sexual penetration with victim at least 13 but less than 16 years old and member of same household); third-degree child abuse (CA-3), MCL 750.136b(5); and domestic violence, MCL 750.81(2). Defendant was sentenced to 8 to 25 years' imprisonment for the CSC-1 conviction, 1 year and 4 months to 2 years' imprisonment for the CA-3 conviction, and 46 days in jail for the domestic-violence conviction. We affirm.

## I. BACKGROUND

Defendant was convicted of CSC-1 and CA-3 regarding his 15-year-old stepson, SMM, and domestic violence regarding his wife, SM. On September 20, 2022, defendant lived with SM and SMM. SM confronted defendant about invading her privacy, and defendant became hostile. He accused her of infidelity, pulled her head scarf off, and called her disparaging names. He also grabbed her neck, pushed her to the floor, and punched the left side of her face. SM called the police. When the officers arrived, they spoke to defendant and SM separately. SM explained what occurred, and officers observed red marks on her left cheek and along her neck around her collarbone. Defendant was arrested.

SMM told the police officers that defendant physically and sexually assaulted him in August 2022 after defendant became angry with him. According to SMM, defendant retrieved a plastic shoehorn and beat him with it. Defendant pushed SMM against the wall and onto a bed. During the assault, the shoehorn broke in half, leaving one part "spikey" on top. Defendant prodded the shoehorn into SMM's anal area through his clothes. The shoehorn went in between

-1-

SMM's "butt cheeks." Defendant then returned to hitting SMM with the shoehorn until he eventually left the room.

Before trial, the prosecution sought to introduce evidence involving prior acts of domestic violence that defendant perpetrated against SM and SMM, arguing the evidence was relevant, probative, and admissible under MCL 768.27b. Defense counsel objected, asserting that the evidence was irrelevant, unsupported by physical evidence, and more prejudicial than probative. The trial court granted the prosecution's motion, and evidence involving defendant's other acts of domestic violence was presented at trial. Defendant was convicted and sentenced as described above. He now appeals, challenging the admission of the other-acts evidence and the sufficiency of the evidence to support his convictions.

## II. OTHER ACTS EVIDENCE

Defendant argues the trial court erred when it admitted other-acts evidence involving his prior domestic violence against SMM and SM because the evidence was not relevant and more prejudicial than probative. He asserts that the admission of the evidence resulted in the jury convicting him of all three charges after deliberating for only 36 minutes and requests that this Court vacate his convictions.

We review for an abuse of discretion a trial court's decision to admit evidence. *People v Hoskins*, 342 Mich App 194, 200; 993 NW2d 48 (2022). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Segura*, 348 Mich App 123, 132; 17 NW3d 129 (2023) (quotation marks and citation omitted). By definition, the trial court's decision on a close evidentiary question cannot be an abuse of discretion. *People v Butler*, 513 Mich 24, 29; 6 NW3d 54 (2024).

"Generally, under MRE 404(b), evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts." *People v Propp*, 508 Mich 374, 384; 976 NW2d 1 (2021) (quotation marks and citation omitted). "MCL 768.27b is an exception to the general bar against propensity evidence in MRE 404(b)." *People v Wade*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369106); slip op at 10. MCL 768.27b(1) provides, in relevant part:

> [I]n a criminal action in which the defendant is accused of an offense involving domestic violence, [or] sexual assault . . . evidence of the defendant's commission of other acts of domestic violence, [or] sexual assault . . . is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

MRE 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

MCL 768.27b allows the admission of propensity evidence, subject to MRE 403, "because a full and complete picture of a defendant's history tends to shed light on the likelihood that a given crime was committed." *People v Skippergosh*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 364127); slip op at 7 (quotation marks and citation omitted). "[A] person who has committed an offense may be more likely to commit that or another offense than a person who has not committed that or any other offense." *People v Berklund*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 7 (quotation marks and citation omitted).

Defendant argues that the trial court should have excluded the other-acts evidence under MRE 403 because it was substantially more prejudicial than probative. Evidence is unfairly prejudicial under MRE 403 if there exists a danger "that marginally probative evidence will be given undue or preemptive weight by the jury," but the prosecution is not required "to use the least prejudicial evidence to make out its case." *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks and citation omitted). "[W]hen applying MRE 403 to evidence admissible under MCL 768.27b, courts should weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Berklund*, ___ Mich App at ___; slip op at 10. In determining whether to exclude evidence under MRE 403, the trial court should consider the following nonexhaustive list of factors:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id.* at ___; slip op at 10, quoting *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012).]

The trial court did not abuse its discretion by admitting the other-acts evidence. The evidence was not merely marginally probative, but rather, it was probative of defendant's propensity to engage in assaultive behavior involving SM and SMM and was therefore directly relevant to the issues the jury was tasked with deciding. The evidence was also relevant to assess SM's and SMM's credibility in light of defendant's argument that their testimony was not credible. See *Cameron*, 291 Mich App at 612. Moreover, the evidence provided context involving defendant's relationship with SM and SMM and tended to explain why SMM delayed reporting the sexual abuse, i.e., he had been a victim of abuse at defendant's hands for an extended period of time, and SM failed to protect him. Thus, the evidence was not merely marginally probative evidence that created a risk of unfair prejudice. "The unfair prejudice language of MRE 403 refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id.* at 611 (quotation marks and citation omitted). In this case, the evidence did not inject considerations extraneous to the charges against defendant.

With respect to the *Watkins* factors, none of the factors indicates that the danger of unfair prejudice outweighed the probative value of the evidence. The trial court considered the similarity of the acts when it determined that the evidence "describe[d] similar situations that have occurred in the past" against the same victims. The incidents concerning SMM all involved defendant

beating SMM with objects found around the house, i.e., a shoehorn, wire, belt, ladle, and spatula. Further, all of the acts were purportedly committed out of anger and for disciplinary reasons. Defendant contends that the other-acts evidence was unreliable because it was uncorroborated, but SMM's scars on his back supported the veracity of the evidence. SMM testified the scars were caused by years of physical abuse, and defendant fails to cite any authority for the proposition that evidence corroborating SMM's testimony was required for its admission. Further, when reviewing a "trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *People v Head*, 323 Mich App 526, 540; 917 NW2d 752 (2018) (citation and quotation marks omitted). Here, the trial court properly weighed the evidence in favor of its probative value. Because the prejudicial effect of the evidence did not substantially outweigh its probative value under MRE 403, the trial court did not abuse its discretion by admitting the evidence under MCL 768.27b.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that his CSC-1, CA-3, and domestic-violence convictions should be reversed because the prosecution failed to present sufficient evidence to support them. We review de novo challenges to the sufficiency of the evidence. *People v Montague*, 338 Mich App 29, 44; 979 NW2d 406 (2021). "In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014).

"[A] conviction that is not supported by sufficient evidence to prove guilt beyond a reasonable doubt violates due process and cannot stand." *People v Prude*, 513 Mich 377, 384; 15 NW3d 249 (2024); see also US Const, Ams V and XIV; Const 1963, art 1, § 17. "For a jury to find a defendant guilty of a charged crime, the prosecution must demonstrate that the defendant is guilty of every element of a crime beyond a reasonable doubt." *People v Posey*, 512 Mich 317, 323; 1 NW3d 101 (2023). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "[B]ecause of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v Anderson*, 322 Mich App 622, 633; 912 NW2d 607 (2018) (quotation marks and citation omitted). Issues involving the credibility of witnesses and the weight to accord evidence should generally be left for the jury. *People v Baskerville*, 333 Mich App 276, 283, 963 NW2d 620 (2020). "A jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *Id*. (quotation marks, citation, and brackets omitted).

The elements of CSC-1 under MCL 750.520b(1)(b)(*i*) are: (1) sexual penetration, (2) of a victim who is at least 13 years old but less than 16 years old, and (3) the actor is a member of the same household as the victim. *People v Phillips*, 251 Mich App 100, 102; 649 NW2d 407 (2002). SMM testified defendant beat him with a shoehorn and then repeatedly "jabbed" it through his clothes into his anal area. "Entry into the anal canal is not required to commit sexual penetration because the Legislature intended that 'anal opening' broadly include the crease or void of the buttocks." *People v Malone*, 348 Mich App 264, 268 n 7; 18 NW3d 18 (2023). SMM testified

that the shoehorn went in between his "butt cheeks." SMM was 15 years old at the time of the assault, and defendant lived in the same household with him.

Defendant argues that no physical evidence corroborated SMM's testimony, but a reviewing court "must defer to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses and must resolve conflicts in the evidence in favor of the prosecution." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022) (quotation marks and citation omitted). In addition, the testimony of a sexual-assault victim need not be corroborated. MCL 750.520h; *People v Bailey*, 310 Mich App 703, 713-714; 873 NW2d 855 (2015). Accordingly, sufficient evidence was presented to support defendant's CSC-1 conviction.

A "person" is guilty of CA-3 if he "knowingly or intentionally causes physical harm to a child." MCL 750.136b(5)(a). A "person" within the meaning of MCL 750.136b(5)(a) means the "child's parent or guardian or any other person who cares for, has custody of, or has authority over a child regardless of the length of time that a child is cared for, in the custody of, or subject to the authority of that person." MCL 750.136b(1)(d). A "child" within the meaning of the statute is "a person who is less than 18 years of age . . . ." MCL 750.136b(1)(a). In August 2022, SM and defendant were married, and defendant had authority over SMM as his stepfather. SMM was under age 18 at that time. SM left defendant alone with SMM when she went to work, and SMM was under defendant's care when he was not at school. SMM testified that while defendant was angry with him, defendant repeatedly struck him with a shoehorn, causing the shoehorn to break. Although defendant contends that the police were not called, and no evidence was presented corroborating SMM's testimony, SMM's credibility was an issue of fact for the jury to resolve. The jury believed SMM's testimony that defendant assaulted him with the shoehorn, thereby committing CA-3.

Finally, the elements of domestic violence are: (1) an assault or an assault and battery committed against (2) the defendant's spouse or former spouse, a person with whom the defendant is or was in a dating relationship, a person with whom the defendant has a child in common, or a person who resides or formerly resided in the same household as the defendant. MCL 750.81(2); *Cameron*, 291 Mich App at 614. A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks and citation omitted). "It does not matter whether the touching caused an injury." *Id*. An assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id*. (quotation marks and citation omitted). "[E]very battery necessarily includes an assault because a battery is the very consummation of the assault. *Id*. (quotation marks and citation omitted).]

SM and defendant were married at the time of the domestic-violence incident. SM testified that defendant pulled her head scarf off and called her a "slut." He held her neck, pushed her to the floor, and punched the left side of her face. A police officer observed red marks on SM's left cheek and along her collarbone, and a photograph of the marks was admitted into evidence.

Accordingly, a rational trier of fact could have determined that the prosecutor established the elements of domestic violence beyond a reasonable doubt.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace