*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MATTHEW DALE WHALEN,

       Defendant-Appellant.

UNPUBLISHED
December 22, 2022

No. 360462
Arenac Circuit Court
LC No. 20-004272-FC

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's amended judgment of sentence,[2] in which the court imposed consecutive sentences for defendant's two convictions for criminal sexual assault. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On the basis of his guilty plea, defendant was convicted of two counts of first-degree criminal sexual conduct (CSC-1), MCL 750.520b(1)(b), which were the result of charges involving the recurrent sexual abuse of his live-in girlfriend's daughter, SL, and son, JP. The abuse was ongoing for approximately two and a half years. In Count I, defendant admitted that between 2017 and 2020, when SL was between 13 and 15 years old, he penetrated her vagina with his penis. In Count V, defendant admitted that between 2017 and 2020, when JP was at least 13 but less than 16 years old, JP performed oral sex on defendant. The trial court sentenced defendant to serve 210 months to 40 years in prison for Count I, and 180 months to 40 years in prison for Count V. The court ordered these sentences to be served consecutively under MCL 750.520b(3).

---

[1] *People v Whalen*, unpublished order of the Court of Appeals, entered April 5, 2022 (Docket No. 360462).

[2] The trial court amended defendant's judgment of sentence because the original judgment omitted the maximum sentences for each conviction.

-1-

Defendant subsequently filed a motion to correct an invalid sentence, arguing that the consecutive sentences were improper because neither the charges, nor the facts on the record at sentencing, indicated when, within the range between October 2017 and May 2020, the offenses actually occurred. Thus, defendant asserted that nothing in the record established that the two offenses occurred contemporaneously or otherwise during the same transaction, which was required for the imposition of consecutive sentences.

On the basis of the presentence investigation report (PSIR), the trial court found that on at least one occasion, SL described an event in which she caught defendant assaulting JP. Defendant stopped his assault on JP and then assaulted SL. Thus, according to the trial court, the sexual assaults "occur[red] out of a continuous time sequence" and had "a connective relationship." The trial court, therefore, denied defendant's motion and sentenced him to serve his sentences consecutively. This appeal followed.

## II. STANDARDS OF REVIEW

"Whether a consecutive sentence may be imposed is a question of statutory interpretation that we review de novo." *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). "The purpose of statutory interpretation is to give effect to the intent of the Legislature. If a statute is clear, we enforce it as plainly written. However, if a statute is susceptible to more than one interpretation, we must engage in judicial construction and interpret the statute." *Id.*

The trial court's factual determinations at sentencing are reviewed for clear error. *People v Anderson*, 331 Mich App 552, 566; 953 NW2d 451 (2020). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019).

## III. ANALYSIS

On appeal, defendant argues that the trial court erred when it imposed consecutive sentences because the record did not establish that his convictions arose from the same transaction.[3] We disagree.

"In Michigan, concurrent sentencing is the norm, and a consecutive may be imposed only if specifically authorized by statute." *People v DeLeon*, 317 Mich App 714, 721; 895 NW2d 577 (2016) (quotation marks and citation omitted). Under MCL 750.520b(3), "[t]he court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from *the same transaction*." (Emphasis added.)

"The term 'same transaction' [under MCL 750.520b(3)] is not statutorily defined . . . ." *People v Ryan*, 295 Mich App 388, 402; 819 NW2d 55 (2012). In *Ryan*, we addressed the issue

---

[3] We note that the prosecutor did not file a response brief with this Court.

of whether the trial court erred when it imposed consecutive sentences for the defendant's CSC-1 convictions. In that case:

> The victim testified that she was 12 years old at the time of trial and that she had stopped living with her mother and went to live with her father in 2009 at a house in Saginaw that he shared with his wife (the victim's stepmother) and the victim's two half-brothers. The victim indicated that her stepmother went to Mississippi for a wedding sometime in June 2009, leaving defendant to care for her and her brothers. Shortly after her stepmother left, defendant called the victim into his bedroom and demanded that she remove all of her clothing. She testified that defendant put his penis in her vagina and thereafter placed his penis in her mouth, leading to ejaculation. The victim was 11 years old at the time. The act of vaginal intercourse and the act of fellatio in this first episode or transaction gave rise to counts 3 and 9 of the information charging CSC-1. [*Id*. at 393-394.]

We concluded that the act of vaginal intercourse immediately followed by the act of fellatio on the victim constituted separate offenses arising from the same transaction, because the two offenses "grew out of a continuous time sequence" and had "a connective relationship that was more than incidental." *Id*. at 403. Thus, "while the two volitional acts of sexual penetration constituted distinct offenses, they were part of the same transaction." *Id*. at 404; see also *DeLeon*, 317 Mich App at 722 ("For multiple penetrations [in a CSC case] to be considered as part of the same transaction, they must be part of a continuous time sequence, not merely part of a continuous course of conduct.") (quotation marks and citations omitted; alteration in original).

In *People v Brown*, 495 Mich 962, 962-963; 843 NW2d 743 (2014), the Michigan Supreme Court addressed a similar issue and vacated the defendant's seven consecutive sentences for CSC-1 convictions. The Court held that, at most, only three of the defendant's convictions arose from the "same transaction" because "the three sexual penetrations grew out of a continuous time sequence and had a connective relationship that was more than incidental." *Id*. (quotation marks and citations omitted). In *People v Bailey*, 310 Mich App 703, 724; 873 NW2d 855 (2015), this Court explained the holding in *Brown*, stating:

> While we do not have access to the trial court record in that case, the prosecution's brief to this Court in *Brown* detailed a total of seven criminal penetrations perpetrated by the defendant, against the same victim, over approximately 10 days during three separate incidents. Three of the penetrations occurred in the course of a single ongoing assault, thus allowing the sentences for the second and third penetrations of that transaction to each be imposed consecutively to the sentence for the first and to each other.

In this case, and as described in the PSIR, there was one instance when JP was being sexually abused by defendant, and SL interrupted the abuse when she began banging on the locked door. After the door was opened and SL observed what was happening. SL screamed at defendant in an effort to save JP from the assault. Defendant then stopped the assault on JP and then "finished" the sexual assault on her. As in *Ryan*, this incident demonstrates "a continuous time sequence" and "a connective relationship," because it describes the separate offenses that arose out of the same "transaction." See *Ryan*, 295 Mich App at 403. While defendant contends that

his guilty plea was confined to the facts in the criminal complaint—i.e., that the sexual abuse occurred sometime between 2017 and 2020—he does not anywhere contend that the facts, as described in the PSIR, are false or incorrect. Nor does the propriety of the consecutive sentence depend on a precise determination of the date within the 2017 to 2020 time period that the offenses arising out of the same transaction occurred.

While a defendant's sentence must be made on the basis of accurate information, *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006), the PSIR "is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). At sentencing defendant objected to the scoring of certain offense variables, but did not challenge the substantive contents of the PSIR. Therefore, the trial court was entitled to rely on the PSIR when establishing a factual basis for the consecutive sentence. See *id*.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett