*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JULIE ANN MILLER,

Defendant-Appellant.

UNPUBLISHED
December 29, 2022

No. 358034
Dickinson Circuit Court
LC No. 2020-005808-FC

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 8 to 40 years' imprisonment. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from defendant's sale of methamphetamine to a confidential informant on September 1, 2019. Defendant and the confidential informant had arranged the sale in advance, agreeing that the informant would go to defendant's home to purchase the drugs. Members of the KIND[1] drug task-force outfitted the confidential informant with a recording device to wear during the sale. The confidential informant went to defendant's home and completed the purchase. Defendant was later arrested, and she was convicted and sentenced as noted. This appeal followed.

---

[1] KIND is a multi-jurisdictional drug task force, made up of law enforcement officers from Dickinson county and the cities of Kingsford, Iron Mountain, and Norway.

-1-

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues the evidence failed to demonstrate she delivered the drugs to the confidential informant. In her view, the evidence was insufficient to convict her of the charged offense. We disagree.

### A. STANDARD OF REVIEW

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (quotation marks and citation omitted). This Court also draws reasonable inferences and assesses witness credibility in favor of the jury's verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

### B. LAW AND ANALYSIS

MCL 333.7401 governs delivery of methamphetamine. The statute states in relevant part:

> (1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form . . . .
>
> (2) A person who violates this section as to:
>
> \* \* \*
>
> (b) Either of the following:
>
> (*i*) A substance described in section 7212(1)(h) or 7214(c)(*ii*) is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both.

MCL 333.7214(c)(*ii*) includes: "Any substance which contains any quantity of methamphetamine, including its salts, stereoisomers, and salts of stereoisomers." To sustain a conviction of delivery of methamphetamine requires the prosecution to prove that: (1) the defendant delivered a controlled substance; (2) the substance was methamphetamine; and (3) the defendant knew he or she was delivering methamphetamine. Accord *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005) (stating the elements of manufacturing methamphetamine). At issue is the third element—whether defendant knowingly delivered methamphetamine.

Defendant challenges the credibility of the confidential informant's testimony, arguing the informant had reason to lie when she testified that it was defendant who sold the drugs. Defendant

also contends the recording of the sale was unclear as to who sold the drugs to the informant, and she blames a third-party. She points to her own testimony stating that, while she used methamphetamine, she never sold it. She also notes that others often used her phone; therefore, someone else could have arranged the sale of the drugs.

The confidential informant testified at trial that she and defendant had prearranged the purchase together, and the informant's statement asserting that it was defendant who sold the drugs was admitted into evidence. The jury was presented with Facebook messages between defendant and the confidential informant discussing the sale. Several law enforcement officers who investigated the purchase testified that, from their observations, defendant was the seller.

Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for the jury to rationally infer that defendant sold the methamphetamine to the confidential informant. While the recording is not entirely clear who sold the drugs to the informant, it is the purview of the jury to resolve any conflicts in the evidence. *Nowack*, 462 Mich at 400. Similarly, with respect to defendant's challenge to the informant's credibility, it is the jury's role to determine witness credibility. *Davis*, 241 Mich App at 700. The jury weighed the evidence in favor of the prosecution and found sufficient evidence presented that defendant delivered methamphetamine to the informant, and this Court will not reverse the jury's verdict.

Affirmed.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica