*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS RICHARD PETTERSCH,

        Defendant-Appellant.

UNPUBLISHED
June 22, 2023

No. 360413
Charlevoix Circuit Court
LC No. 20-002114-FH

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant pled guilty to one count of first-degree home invasion, MCL 750.110a(2), and two counts of second-degree home invasion, MCL 750.110a(3), in exchange for the dismissal of additional felony charges arising from numerous home invasions that took place over four days in two counties. Defendant was sentenced to serve concurrent prison terms of 10 to 20 years for first-degree home invasion and 50 months to 15 years for the two counts of second-degree home invasion. After the trial court denied his motion for resentencing, defendant filed an application for leave to appeal, which this Court denied.[1] The Michigan Supreme Court, in lieu of granting leave to appeal, remanded this case to this Court for consideration as on leave granted.[2] For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant was charged in connection with approximately 19 home invasions from October 27 to 30, 2019, in Charlevoix and Cheboygan Counties. Defendant allegedly selected homes that were close together, gained entry into each home by breaking glass on the front door and reaching in to open a door, did not ransack the residences, did not steal large items such as televisions, and left open closets, drawers, and doors. Defendant pleaded guilty with respect to three home

---

[1] *People v Pettersch*, unpublished order of the Court of Appeals, entered April 1, 2022 (Docket No. 360413).

[2] *People v Pettersch*, ___ Mich ___; 979 NW2d 662 (2022).

invasions in Charlevoix County on October 27 and October 28 in the area of Thumb Lake; two of the offenses occurred on the same day and on the same street. The trial court sentenced defendant, within the minimum guidelines range of 99 to 160 months, to serve concurrent prison terms of 10 to 20 years for first-degree home invasion and 50 months to 15 years for the two counts of second-degree home invasion. Defendant filed a motion to correct an invalid sentence and for resentencing on the basis of errors in scoring the offense variables (OVs). The trial court agreed that OV 4 and OV 9 had been misscored and that the corrections resulted in a minimum guidelines range to 87 to 145 months; however, the trial court, noting that it could have imposed consecutive sentences, concluded that it would have imposed the same sentence—which remained within the recalculated guidelines range—irrespective of the scoring errors, and therefore denied the motion for resentencing. Defendant filed a motion for reconsideration, arguing that the trial court relied on an error in law when presuming it could sentence defendant to consecutive terms. The trial court stated that it had misspoke as to some of its comments regarding consecutive sentences[3] but otherwise nothing in defendant's motion gave the trial court cause to order resentencing.

## II. ANALYSIS

Defendant argues that the trial court erred by refusing to resentence him because its decision to deny his motion for resentencing was based on its erroneous belief that it could have imposed consecutive sentences. Defendant contends that consecutive sentences could not be imposed under MCL 750.110a(8) because the home invasions of which he was convicted did not arise out of the same transaction, and that the trial court's "misconception of the law" resulted in a violation of his constitutional right to be sentenced on the basis of accurate information.

"Whether a consecutive sentence may be imposed is a question of statutory interpretation that we review de novo." *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). In addition, whether a defendant is entitled to resentencing is a legal question that we review de novo. *People v Latham (On Reconsideration)*, 334 Mich App 501, 505; 965 NW2d 248 (2020). If a sentence is within the recommended minimum sentencing guidelines range, "the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016); see also MCL 769.34(10). "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required. Resentencing is also not required where the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v DeLeon*, 317 Mich App 714, 721; 895 NW2d 577 (2016) (quotation marks and citations omitted). MCL 750.110a(8) permits a trial court to "order a term of imprisonment imposed for home invasion in the first degree to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from

---

[3] At the initial sentencing hearing, both the prosecution and defense asserted an incorrect legal basis for the trial court imposing consecutive sentences. It is clear from the record that the trial court did not heed the incorrect legal advice offered by both counsels.

the same transaction." MCL 750.110a(8). For a criminal offense to arise from the same transaction for the purpose of imposing a consecutive sentence, the offenses "must be part of a 'continuous time sequence,' not merely part of a continuous course of conduct." *People v Bailey*, 310 Mich App 703, 725; 873 NW2d 855 (2015) (citations omitted). Further, the offenses must also "display a single intent and goal." *Id*. at 730. In addition, something that is "arising out of" a transaction "has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *People v Ryan*, 295 Mich App 388, 402-403; 819 NW2d 55 (2012) (quotation marks and citations omitted).

Here, the record discloses that the trial court could have sentenced defendant to consecutive sentences under MCL 750.110a(8). *Bailey*, 310 Mich App at 730. The home invasions committed by defendant had a connective relationship that was more than incidental and were all part of a continuous time sequence. *Id*. These three home invasions were all committed by defendant from October 27 to October 28 in the same neighborhood; two of the home invasions were committed on the same day and on the same street. See *Ryan*, 295 Mich App at 403. In addition, the three home invasions defendant pleaded guilty to also displayed a single intent and goal: to break into homes in the same geographic area and commit larcenies therein. All three break-ins were in a similar geographic area, Thumb Lake, and count one and count 10 were committed on the same street; they each involved defendant breaking a window on a door to enter the home; and during each break-in, defendant left several closets and drawers open but did not "ransack" the homes. Therefore, defendant's three home invasion convictions arose out of the same transaction.

In conclusion, because defendant's first-degree home invasion conviction arose out of the same transaction as his two second-degree home invasion convictions, the trial court could have exercised its discretion to impose consecutive sentences. MCL 750.110a(8). As a result, defendant's basis for his appeal, that the trial court relied on inaccurate information in sentencing him, is legally and factually inaccurate. Additionally, here, as in *Francisco*, the trial court made clear that it would have imposed the same sentence regardless of the scoring error and defendant's sentence fell within the appropriate guidelines range. *Francisco*, 474 Mich 89 n 8. Hence, because defendant was sentenced within the applicable guidelines range, and because he has failed to identify any scoring errors in the guidelines or any inaccurate information relied upon in determining his sentence, MCL 769.34(10), this Court is required to affirm defendant's sentence. *Schrauben*, 314 Mich App at 196.

Affirmed.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra