*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 21, 2023

Plaintiff-Appellee,

v

No. 363642
Oakland Circuit Court
LC No. 2022-280191-FH

MYKERON VONTEZ HAWKINS,

Defendant-Appellant.

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

A jury convicted defendant Mykeron Vontez Hawkins of one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) and (2)(b). On appeal, Hawkins challenges the sufficiency of the evidence supporting his conviction. Because a rational jury could find that all elements of the offense were proven beyond a reasonable doubt, we affirm.

## I. BACKGROUND

This case arises out of Hawkins's sexual contact with the victim, who was 12 years old, while she was sleeping over at her aunt's apartment. Hawkins was dating and living with the victim's aunt at the time. One night in November 2021, the victim was attempting to fall asleep on the couch. Hawkins entered and exited the room four separate times and touched the victim inappropriately three times. On the first two occasions, Hawkins entered the room, stood above the victim as she was lying on her back, and used one hand to touch her "private part" which was, in her words, "[u]sed for sex." She remembered there being some movement while Hawkins was touching her vaginal area over her clothes. The third time Hawkins entered the room, he waved money at the victim, who could not see it, but recognized it was money because of the smell. Hawkins entered a final time and touched the victim's buttocks. At trial, the victim showed how Hawkins touched her buttocks by rubbing her hands together.

As noted, the jury found Hawkins guilty of one count of CSC-II. The trial court sentenced him to six months in jail, as a second-offense habitual offender, MCL 769.10. Hawkins now appeals of as right, arguing that there was insufficient evidence to sustain his conviction.

-1-

## II. ANALYSIS

We review a sufficiency-of-the-evidence challenge de novo, meaning "we do not defer to any decision made by the trial court, but instead employ our independent judicial views while employing the well-settled standards for deciding sufficiency issues." *People v Harverson*, 291 Mich App 171, 176; 804 NW2d 757 (2010). In determining whether sufficient evidence was presented to support a conviction, we view the evidence in a light most favorable to the prosecution, with any conflicts in the evidence resolved in the prosecution's favor, and to determine whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt. *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Hawkins claims that the "meager" evidence presented to the jury was insufficient to establish his guilt beyond a reasonable doubt. The jury convicted Hawkins of CSC-II under MCL 750.520c(1)(a) and (2)(b), which required the jury to find that he "engage[d] in sexual contact" with the victim when she was "under 13 years of age" and Hawkins was "17 years of age or older." MCL 750.520c(1)(a) and (2)(b). "Sexual contact" means "the intentional touching of the victim's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . ." MCL 750.520a(q). Among other things, "[i]ntimate parts" include a person's "primary genital area" and "buttock." MCL 750.520a(f). "And when determining whether touching could be reasonably construed as being for a sexual purpose, the conduct should be viewed objectively under a reasonable person standard." *People v DeLeon*, 317 Mich App 719-720; 895 NW2d 577 (2016) (cleaned up). Taken together, the charge in this case can be distilled into three elements that the prosecution is required to prove: (1) the defendant engaged in sexual contact with the victim's intimate parts or the clothing covering the immediate area of the victim's intimate parts, (2) the sexual contact was intentional and done for a sexual purpose, and (3) at the time of the sexual contact, the victim was under 13 years old and the defendant was over 17 years old. *Id*.

This sufficiency-of-the-evidence challenge fails. The victim testified that, while she was fully clothed, Hawkins twice used his hand to touch her "private part"—referring to her vaginal area—and once touched her buttocks. This evidence established that Hawkins engaged in sexual contact with the clothing covering the immediate area of the victim's intimate parts. The victim explained that Hawkins left and returned multiple times to inappropriately touch her. She also recalled feeling movement by Hawkins's hand when he touched her vaginal area and buttocks. Under these circumstances, a reasonable person could construe Hawkins as having intentionally touched the victim for a sexual purpose. Finally, there is no dispute that, at the time of the abuse, the victim was 12 years old and Hawkins was more than 17 years old. A rational jury could therefore find that the prosecution proved each element of the offense beyond a reasonable doubt.

Rather than challenging any of the elements of CSC-II, Hawkins attacks the victim's credibility by noting several times when she testified that she did not recall certain details about the incident. "Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony." *People v Palmer*, 392 Mich

370, 376; 220 NW2d 393 (1974). "The credibility of witnesses is a matter of weight, not sufficiency." *People v Baskerville*, 333 Mich App 276, 283; 963 NW2d 620 (2020) (cleaned up). We therefore do not interfere with the jury's role in making credibility determinations. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Even so, the victim's memory was not as limited as Hawkins suggests. Although the victim could not recall which specific night the abuse happened, she knew the general time frame. She also remembered how many times she was touched, where she was touched, how she was touched, and how far apart each touching occurred. The jury could consider all those factors when weighing the victim's truthfulness and credibility. We defer to that determination on appeal.

Hawkins also questions whether the victim had reason to lie about the sexual assault. He points to an incident where the victim was using her aunt's cell phone and didn't answer a call from Hawkins. There was evidence that Hawkins and the aunt were upset with the victim for not answering the call, which Hawkins implies provided motivation for the victim to fabricate allegations. Again, the jury was able to consider and weigh this evidence and draw its own credibility determinations about the truthfulness of the victim's testimony. We do not revisit or second guess those determinations in our deferential posture. See *id*. Simply put, "[t]he prosecution need not negate every reasonable theory of innocence; instead, it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). The prosecution met its evidentiary burden in this case.

Confusingly, Hawkins asserts that the evidence was insufficient because the victim's testimony was uncorroborated while correctly conceding that uncorroborated testimony may be sufficient to sustain a CSC-II conviction. See MCL 750.520h (providing that "[t]he testimony of a victim need not be corroborated" in a CSC-II prosecution). Thus, if a victim's testimony establishes all the elements of CSC-II, and the jury believes that testimony beyond a reasonable doubt, the prosecution need not present corroborative evidence, including physical or forensic evidence, to sustain its burden. See *People v Bailey*, 310 Mich App 703, 713-714; 873 NW2d 855 (2015). That said, the prosecution presented evidence of corroboration in this case. For instance, the victim's aunt testified that, on the Sunday after the incident, the victim was angry and stayed close to her side. The aunt said that when she questioned the victim about her odd behavior, the victim denied anything was wrong, stomped her feet, and began to cry. Around the same time, the victim's mother received a text message sent by the victim that read, "I have something to tell you." When the mother called to make sure everything was all right, the victim's voice and tone were "not normal" and the victim burst into tears. The mother asked the victim if anyone had touched her, and the victim eventually confirmed that Hawkins had done so. Finally, the investigating detective testified that he spoke to the victim's friend, who the victim first confided in about the abuse, and the friend matched the story testified to by the victim. All this corroborative evidence was presented for the jury's consideration. In sum, Hawkins's sufficiency-of-the-evidence argument lacks merit.

We affirm.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett

-3-