*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 27, 2024

Plaintiff-Appellee,

v

No. 366207
Macomb Circuit Court
LC No. 2021-002406-FC

SHANNON ZAMORA JONES,

Defendant-Appellant.

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Defendant was convicted at trial of five counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a); two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a); and one count of contributing to the neglect or delinquency of a minor, MCL 750.145. The trial court sentenced defendant above the sentencing guidelines and determined that the sentences for three counts were to be served consecutive to the sentences for four other counts. We vacate defendant's sentences and remand for clarification or resentencing.

Defendant sexually assaulted two minor victims, KYH and KRH, to whom he was related, in multiple incidents from approximately September 2018 to December 2018. At the time, KYH was eight years old and KRH was approximately six or seven years old. Defendant temporarily stayed with the victims, babysat them, and spent time with them. During games of hide-and-seek, defendant would tickle the victims, then touch their vaginal areas over their clothes.

In one incident, defendant was alone in a bedroom with KYH, and he inserted his penis into KYH's anal and vaginal openings. Defendant also placed his mouth on KYH's vagina. Defendant then told KYH not to tell anyone and gave her a cigarette to smoke. In another incident, defendant touched KYH's thigh and vaginal area over her clothes while they were sitting on the couch watching a movie, and then followed her into a bathroom and inserted his penis into her vagina. Defendant also inserted his penis into KRH's "private parts" in two separate incidents. Defendant told KRH not tell anyone what happened.

Defendant left the home and went to Alabama in December 2018. In June 2019, the victims' mother learned that defendant had assaulted the victims, and she reported him to the

-1-

police. Investigating officers learned of several accounts of similar allegations of defendant assaulting other minor family members. Defendant had previously sexually assaulted his girlfriend's daughter, who was 13 years old at the time.

A jury found defendant guilty of five counts of CSC-I, two counts of CSC-II, and one count of contributing to the neglect or delinquency of a minor. The minimum sentencing-guidelines range for defendant's CSC-I convictions was 135 to 225 months in prison. The presentence-investigation report (PSIR) further stated that, because the victims were less than 13 years old and defendant was older than 17 years old, MCL 750.520b(2)(b) required a 25-year minimum sentence for the CSC-I convictions.

At the sentencing hearing, the victims' mother spoke about the impact of defendant's actions and asked the trial court "to impose the maximum sentence under the law." The prosecutor asserted that MCL 750.520b(2) required a 25-year minimum sentence and that consecutive sentences were permitted. The prosecutor requested that the trial court sentence defendant to 50 to 70 years in prison.

Defense counsel asked the trial court to follow the PSIR recommendation of 25 years in prison without a consecutive sentence. Defendant asserted that he did not feel that the trial was fair because of certain information defendant was not able to admit.

The trial court stated that "probably 100 people" were affected by defendant's actions, including cousins, uncles, aunts, and the victim's mother. The trial court observed that the victims were young children who had no power in the situation and were intimidated by defendant telling them not to talk about what happened. The victims then had to testify at the preliminary examination and at trial and "relive everything." The trial court predicted that defendant's actions would be "something that is going to be in the back of the [victims'] minds for the rest of their lives."

The trial court sentenced defendant to 30 to 60 years in prison for Counts I, II, and III, which were CSC-I convictions. The trial court sentenced defendant to life imprisonment for Count IV, another CSC-I conviction. The CSC-I convictions were to be served concurrently. For the CSC-I conviction in Count-VI, the trial court sentenced defendant to 25 to 50 years in prison. As to Counts VII and VIII, CSC-II convictions, the trial court sentenced defendant to 10 to 15 years in prison. The trial court determined that Counts VI, VII, and VIII were to be served consecutive to defendants' sentences for Counts I, II, III, and IV. Finally, the trial court sentenced defendant to 90 days in jail for Count IX.[1]

The prosecutor asserted that the trial court must "state some substantial compelling reasons for going over the guidelines" and, accordingly, asserted that defendant had been on probation when he committed the offenses; had a pattern of ongoing, violent behavior; told the victims "not to tell"; and demonstrated that he could not be rehabilitated. The trial court "noted" the

---

[1] The prosecutor dismissed Count V at trial.

prosecutor's assistance. Defense counsel objected to the prosecutor's "assistance," and the trial court asserted that the court itself had already "stated enough on the record."

Defendant now appeals.

Defendant first argues that the trial court erred by failing to articulate adequate reasons for its upward-departing sentence. Although not mandatory, Michigan's sentencing guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392. A review for reasonableness considers whether the trial court violated the principle of proportionality. *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). The "trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (cleaned up).

First, it was not unreasonable for the trial court to consider that the impact on the family of defendant's crimes was significant. The trial court estimated that 100 people were affected by defendant's actions, including the victims' mother and other relatives. Offense Variable (OV) 5 considers the psychological injury to a victim's family member, but points are only assessed for certain homicide-related crimes. See MCL 777.35(1); MCL 777.22. Therefore, the trial court could not assess points for OV 5 for defendant's offenses, despite the effect defendant's actions had on the victims' relatives, including their mother.

The trial court also spoke to the psychological impact to the victims when explaining its sentencing decision. The psychological impact on victims, however, is accounted for by OV 4. See MCL 777.34(1)(a). Further, 10 points may be assessed for OV 10 when an offender "exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). These points were assessed in this case, accounting for the children's ages and relationship to defendant.

If there was an impact on these victims for which OV 4 or OV 10 did *not* adequately account, then the trial court failed to explain and justify why its chosen sentence was more proportionate to defendant and his offenses than a different sentence would have been. See *Dixon-Bey*, 321 Mich App at 525. The trial court sentenced defendant to a minimum 30 years in prison for Counts I, II, and III, and to life for Count IV. These sentences exceeded the minimum-guidelines range, but the trial court failed to provide adequate explanation for the extent of its departure, particularly on the life sentence. Therefore, we remand to the trial court either to resentence defendant on Counts I, II, III, and IV, or to articulate why the departure sentences are reasonable and proportionate.

Defendant also argues that he is entitled to resentencing as to Count VI. The trial court sentenced defendant to a minimum 25 years in prison as to Count VI, however, and MCL 750.520b(2)(b) requires a minimum 25-year sentence for a CSC-I conviction that involves a victim under 13 years old and a defendant 17 years of age or older. Therefore, the trial court did not exceed that minimum, and defendant is not entitled to resentencing as to Count VI.

Finally, the trial court erred by failing to state particularized reasons for the consecutive sentences. "[C]oncurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (cleaned up). Under MCL 750.520(b)(3), a trial court may impose a consecutive sentence for a CSC-I offense and another offense that arose from the same transaction. See *id*. To constitute the "same transaction," multiple penetrations "must be part of a continuous time sequence." *People v Bailey*, 310 Mich App 703, 725; 873 NW2d 855 (2015) (citation omitted).

"To facilitate appellate review, a trial court must articulate on the record the reasons for each consecutive sentence imposed." *People v Baskerville*, 333 Mich App 276, 290; 963 NW2d 620 (2020) (cleaned up). The requirement to justify each consecutive sentence "help[s] ensure that the 'strong medicine' of consecutive sentences is reserved for those situations in which so drastic a deviation from the norm is justified." *People v Norfleet*, 317 Mich App 649, 665; 897 NW2d 195 (2016).

In this case, the trial court provided no explanation for its imposition of consecutive sentences. The trial court generally discussed the negative impact on the victims and their family, but it did not specifically explain if or how that related to consecutive sentencing. Therefore, defendant's sentences must be vacated and remanded for the trial court either to resentence without consecutive sentencing or to provide adequate reasoning for its imposition of consecutive sentences.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani

-4-