*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRENDYNE MIKEOL SHELTON,

Defendant-Appellant.

UNPUBLISHED
July 15, 2025
11:46 AM

No. 370755
Wayne Circuit Court
LC No. 23-005873-01-FC

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of assault with intent to commit murder, MCL 750.83, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] Defendant was sentenced to 12 to 20 years' imprisonment for his assault with intent to commit murder conviction and two years' imprisonment for his felony-firearm conviction, to run consecutively, with credit for 55 days served. We affirm.

## I. SUFFICIENCY OF EVIDENCE

On appeal, defendant's appellate counsel argues that there was insufficient evidence to sustain his conviction of assault with intent to murder because the prosecution failed to prove beyond a reasonable doubt defendant's actions were not in self-defense.

"This Court reviews de novo defendant's challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). On appeal, evidence is viewed "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found [the defendant guilty] beyond a reasonable doubt." *Id.* "The standard of review is

---

[1] Defendant was acquitted of one count of assault with intent to commit murder, MCL 750.83; two counts of assault with intent to do great bodily harm less than murder, MCL 750.84; three counts of assault with a dangerous weapon (felonious assault), MCL 750.82; and six counts of felony-firearm, MCL 750.227b.

deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the . . . verdict." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotation marks and citation omitted).

"The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "[D]ue process requires the prosecution to prove every element beyond a reasonable doubt." *People v Oros*, 502 Mich 229, 239-240 n 3; 917 NW2d 559 (2018). Defendant does not argue that there was insufficient evidence to prove the elements of his conviction. Rather, defendant only argues that the prosecution did not meet its burden of proof to show his actions were not taken in self-defense. The Self-Defense Act (SDA), MCL 780.971 *et seq.*, "codified the circumstances in which a person may use deadly force in self-defense . . . without having the duty to retreat." *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013) (quotation marks and citation omitted). The SDA requires "a person have an honest and reasonable belief that there is a danger of death" or "great bodily harm" to "justify the use of deadly force." *Id.* at 35-36. See MCL 780.972(1). An individual may use "force other than deadly force" if the individual "honestly and reasonably believes that the use of that force is necessary to defend himself . . . from the imminent unlawful use of force by another individual." MCL 780.972(2). "[O]nce the defendant injects the issue of self-defense and satisfies the initial burden of producing some evidence from which a [fact-finder] could conclude that the elements necessary to establish a prima facie defense of self-defense exist," the prosecution must "exclude the possibility" of self-defense beyond a reasonable doubt. *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010) (quotation marks and citations omitted).

According to defendant he was acting in self-defense because Dominic Kennedy, who was known to be violent, was in possession of a gun and intent on harming defendant. Defendant asserts that he tried to leave the altercation, and after having to return, tried again to extricate himself by going inside the house. When Wanda Davis forced him outside, defendant asserts the impending dangerous confrontation placed him in fear for his life. However, the record contains sufficient evidence for the trial court to find that defendant did not have an honest or reasonable fear of imminent harm when he shot Kennedy. When defendant returned to the scene with a shotgun, Kennedy and Tonya Sampson had left Davis's property and were across the street, dissipating any imminent threat of harm. Defendant asserts Kennedy was armed, and while he and Kennedy offered contradictory versions of events, all other testimony indicated Kennedy was never in possession of a weapon.

"It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Oros*, 502 Mich at 239 (quotation marks and citation omitted). The trial court explained it gave the most weight to Davis's testimony and found Kennedy did not have a weapon when defendant shot him. This Court defers to the trial court's assessment of the evidence, and based on the record presented, the trial court's finding was not clearly erroneous. See MCR 2.613(C) (explaining a trial court's factual findings may not be set aside unless clearly erroneous). See also *Wolfe*, 440 Mich at 514-515 (explaining this Court will not interfere with the trier of fact's role in determining the credibility of the witnesses or the weight of the evidence). On this record, the prosecution met its burden.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues in his Standard 4 brief that his trial counsel was ineffective because he failed to: (a) investigate video footage of the incident taken from Davis's home; (b) highlight defendant was shot in the leg while running from the altercation; (c) call a key witness at trial; (d) contact Wanda, who could have testified about defendant's attempts to avoid the altercation; (e) object to a prejudicial video clip being played at trial; and (f) impeach Davis's testimony. All of these arguments fail because defendant has not met his burden to establish the factual predicate for these arguments. See *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). We address each of these arguments in turn.

An ineffective assistance of counsel argument is preserved by moving for a new trial or for a *Ginther*[2] hearing. See *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014); *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Except as discussed below, defendant did not move for either, and so his argument is unpreserved. See *id*. Ineffective assistance of counsel arguments "present a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

The United States and Michigan Constitutions entitle a criminal defendant to assistance of counsel. US Const, AM VI; Const 1963, art 1, § 20. Counsel must be effective to satisfy the constitutional requirement. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Effective assistance of counsel is strongly presumed, and the defendant bears the heavy burden of proving otherwise." *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021) (quotation marks and citations omitted). "In order to obtain a new trial because of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted)

To show trial counsel's performance failed to meet an objective standard of reasonableness, "a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Douglas*, 496 Mich at 585 (quotation marks and citations omitted). "If this Court can conceive of a legitimate strategic reason for trial counsel's act or omission, this Court cannot conclude that the act or omission fell below an objective standard of reasonableness." *Haynes*, 338 Mich App at 429-430. However, the strategy "in fact must be sound, and counsel's decisions as to it objectively reasonable; a court cannot insulate the review of counsel's

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

performance by calling it trial strategy." *Douglas*, 496 Mich at 585 (quotation marks and citation omitted).

Defendant first argues that his trial counsel was ineffective for failing to investigate any footage of the incident from Davis's home cameras. "The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004). Although defendant implies the footage would prove his self-defense version of events, he fails to offer any supporting evidence. While defendant may be correct that it is objectively unreasonable for counsel to fail to view actual footage of a crime he is defending against, defendant makes no argument that the failure to do so undermined confidence in the outcome of trial, or that any footage recovered would have resulted in a different outcome at trial.

Moving to his next argument, defendant asserts that trial counsel was ineffective for failing to highlight defendant was shot in the leg while running away, and that there is a reasonable probability the outcome of trial would have been different had counsel done so. However, the record shows defendant was shot *after* shooting Kennedy, and defendant gives no explanation as to how this would have affected the outcome of his trial, especially considering the trial court was aware defendant was shot.

According to defendant, trial counsel was also ineffective for failing to call a "key witness," Nyrell Redman, at trial. "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). The existing record does not show who Redman is or why defense counsel decided not to call her to testify, and defendant asks this Court to remand for a *Ginther* hearing to establish the necessary record. But a *Ginther* hearing is only appropriate if "defendant has demonstrated [an] issue for which further factual development would advance his claim," *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009), usually by presenting affidavits or by making an offer of proof, see MCR 7.211(C)(1). Here, however, defendant does not explain what Redman's testimony would be or how it would have influenced the outcome of trial and therefore, he fails to show a need to expand the record and fails to establish the factual predicate for his ineffective assistance argument.

Defendant further argues that trial counsel was ineffective for failing to question Wanda, because she would have testified that defendant did not want to leave the house or have any confrontation with Kennedy. Again, however, defendant offers no evidence as to how Wanda would have actually testified and makes no argument that her hypothetical testimony would have changed the outcome of trial. Moreover, even if Wanda testified as defendant indicated she would, this testimony does not justify defendant's claim of self-defense because Kennedy was unarmed and across the street when defendant left the house with the shotgun.

Next, defendant argues trial counsel was unconstitutionally ineffective by failing to object to "highly prejudicial" video footage, "namely because there were seven to eight videos in total." Defendant does not explain how the prosecution only playing a portion of a video clip depicting him in bloodied clothing after the shooting prejudiced him, especially considering defendant cites the video earlier in his brief as evidence that he was shot. It is unclear how further evidence of

defendant's involvement in the shooting would have bolstered his self-defense claim, and defendant does not identify any evidence from the other alleged clips which would have led to a different outcome at trial.

Finally, defendant argues that trial counsel was ineffective for failing to impeach Davis under MRE 607 when he "outright lied" to the trial court. Defendant does not identify which statements of Davis were untruthful, instead asserting trial counsel's failure to investigate Davis's prior statements to the "investigating agency" prevented him from being able to identify when Davis "began to veer from the truth." However, defendant does not explain which reports he is referring to or why he believes they contained material sufficient to impeach Davis's testimony.

Defendant argues the cumulative effect of his ineffective assistance arguments amounted to unconstitutional prejudice, and due process requires granting him a new trial. This Court reviews a cumulative error argument by examining the actual errors identified on appeal to determine whether the errors cumulatively deprived defendant of a fair trial. See *People v LeBlanc*, 465 Mich 575, 591 n 12; 640 NW2d 246 (2002). However, because defendant has not identified any errors by counsel, his cumulative error argument fails. *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock

-5-