*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL CORNEL PHILLIPS-EDWARDS,

Defendant-Appellant.

UNPUBLISHED
February 12, 2026
9:54 AM

No. 371610
Wayne Circuit Court
LC No. 21-006295-01-FC

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of first-degree premeditated murder, MCL 750.316(1)(a). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2020, the victim was shot and killed outside his hotel room. Shortly thereafter, Detroit Police Officers responded to a report of a shooting victim at a gas station near the hotel, where they encountered defendant, who was injured. Later that day, the victim's body was discovered in front of his hotel room. Surveillance footage from the hotel on the night of the murder showed defendant and his codefendant, Spencer Weston, sitting in the parking lot in Weston's vehicle for an extended period of time. Defendant, wearing what appears to be a face mask, exits Weston's vehicle, and gets into his own vehicle, parking it next to Weston's vehicle. Shortly thereafter, the victim exited his hotel room and entered the front-passenger seat of defendant's vehicle. Weston, also wearing a face mask, then exited his vehicle and opened the victim's door, blocking him in on the passenger's side. Defendant and the victim exited the vehicle, and, as defendant headed toward the victim's hotel room, the victim and Weston followed, with Weston trailing closely behind the victim's back, appearing to guide him. The door to victim's hotel room was hidden from camera view, but, from the available footage, it appears that the victim was shot about nine seconds after the men were out of sight. Defendant and Weston then fled the scene. Surveillance footage covering the side of the gas station showed defendant hiding a backpack and tossing an object out of the camera's view shortly after the shooting. About seven minutes later, defendant returned to the side of the gas station and is seen speaking to an

-1-

unidentified male while pointing at the area where he had concealed the backpack. After both men leave, the unidentified male returned to retrieve the object and backpack.

Defendant and Weston were each charged with first-degree premeditated murder and felony-murder, MCL 750.316(1)(b). At trial, the detective who reviewed the surveillance footage was asked about the object defendant tossed depicted in the gas station footage. Over defendant's objection, the detective testified that he believed the object was a handgun. During closing arguments, the prosecutor explained to the jury that defendant was charged under an aiding-and-abetting theory. The trial court instructed the jury on aiding and abetting, and the jury convicted defendant as noted. This appeal followed.

## II. IMPROPER TESTIMONY

Defendant argues the detective's testimony identifying the object he discarded in the gas station surveillance footage should not have been admitted at trial because his testimony invaded the province of the jury and substantially impacted his right to a fair trial. We disagree.

## A. STANDARD OF REVIEW

A trial court's decision to admit evidence is reviewed for an abuse of discretion. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). A trial court abuses its discretion by selecting an outcome that falls outside the range of reasonable and principled outcomes. *People v Butka*, 514 Mich 366, 376; 22 NW3d 429 (2024).

## B. ANALYSIS

MRE 701,[1] which permits the admission of lay opinion testimony, states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Such testimony must not "invade the province of the jury." *People v Fomby*, 300 Mich App 46, 52; 831 NW2d 887 (2013). Lay opinion testimony does not invade the province of the jury when the witness is "in the best position to identify the individuals" in question, provided that the witness does not express an opinion on the defendant's guilt or innocence. *Id*. at 52-53.

Here, the detective testified that, "[b]ased off [his] years in law enforcement[,] it appeared that [defendant] removed a handgun from the right side of his waistband and tossed it to the rear of the [gas station]." Defendant claims it is "entirely unclear" from the surveillance footage whether he had a weapon. But defendant's assessment of the evidence is not the issue. Here, the

---

[1] The Michigan Rules of Evidence were amended on September 20, 2023, effective January 1, 2024. We rely on the version of MRE 701 in effect at the time of trial.

detective had 27 years of experience working as a Detroit Police Officer, including 11 years as a homicide detective. Considering this experience, he was in a better position than the average juror to recognize a firearm. *Id*. Because the detective's testimony was rationally based on his observations of the surveillance footage, and was helpful to determine what object defendant tossed, his testimony was admissible under MRE 701. Moreover, because the testimony involved the identification of an object, and the detective never offered an opinion regarding defendant's guilt or innocence, his testimony did not invade the province of the jury. *Fomby*, 300 Mich App at 53. Accordingly, the trial court's decision to admit the detective's testimony was not an abuse of discretion.

The detective testified that he believed defendant had removed a handgun from the right side of his waistband and tossed it to the back of the gas station. Such an inference is rationally based on the perception of the detective in viewing the footage, which shows defendant reach toward his waistband and throw something, and is helpful to provide the jury with an understanding of his testimony. MRE 701. Thus, the testimony was admissible.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues there was insufficient evidence to sustain his conviction. We disagree.

## A. STANDARD OF REVIEW

"We review de novo a challenge to the sufficiency of the evidence." *People v Baskerville*, 333 Mich App 276, 282; 963 NW2d 620 (2020). We review evidence "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id*. (quotation marks and citation omitted). "The standard of review is deferential; a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotation marks and citation omitted). Circumstantial evidence, "and reasonable inferences arising from that evidence[,] can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citations omitted).

## B. ANALYSIS

To support a conviction of premeditated murder under MCL 750.316(1)(a), the prosecutor must prove, beyond a reasonable doubt: "(1) the intentional killing of a human (2) with premeditation and deliberation." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018). The offense involves "murder perpetrated by means of . . . lying in wait, or any other willful, deliberate, and premeditated killing." *Id*., citing MCL 750.316(1)(a) (quotation marks and brackets omitted). "[T]o premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *Oros*, 502 Mich at 240 (quotation marks and citation omitted). "Premeditation may be established through evidence of (1) the prior relationship of the parties, (2) the defendant's actions before the killing, (3) the circumstances of the killing itself, and (4) the defendant's conduct after the homicide." *People v Unger*, 278 Mich App 210, 229; 749 NW2d 272 (2008).

All four considerations support the jury's finding of premeditation in this case. First, testimony from defendant's friend and the victim's mother demonstrated that defendant had a close prior relationship with the victim. Second, surveillance footage from the hotel shows defendant and Weston waiting in the parking lot for an extended period of time before the victim came out. They arranged their vehicles to be close to one another, and defendant admitted to calling the victim when he arrived. Defendant also admitted to police that he was at the hotel the night of the shooting, and, on appeal, concedes that he was in the hotel parking lot with Weston the night of the shooting. Third, Weston and defendant led the victim behind a stairwell wall where he was then shot off-camera about nine seconds later. At trial, the medical examiner testified that the victim was shot twice; one of the gunshot wounds to the victim's back was described as a contact wound, meaning that the barrel of the gun was pressed up against the victim's body. Finally, after the shooting, defendant and Weston fled the scene. Surveillance footage from the gas station shows defendant hiding a backpack and discarding an object from his waistband, which the detective believed was a handgun. Defendant later showed the backpack to an unknown male, before returning to the front of the gas station. The unknown male retrieved the backpack, and left with it. Defendant, however, lied to first responders by telling them that he gave his sister the backpack. All these actions, viewed in a light most favorable to the prosecutor, *Baskerville*, 333 Mich App at 282, support the jury's finding that defendant thought about killing the victim beforehand, *Oros*, 502 Mich at 240.[2]

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young

---

[2] Despite being convicted under an aiding-and-abetting theory, on appeal, defendant only devotes a brief paragraph to aiding and abetting, and does not include any support for his argument. Because defendant has provided no argument or citation to relevant authority, this argument is abandoned. See *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."); see also *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").